## Statement of the Case.

Action by T. D. Murdock and R. V. Field against The Calgary Colonization Company to recover on a contract for commissions on the sale of land, which contract was oral. There was a plea of the statute of limitations of the State of Manitoba, where the contract was made, and a demurrer thereto which was overruled. Thereafter defendant withdrew its plea of the general issue and plaintiffs elected to stand by their demurrer. Thereupon a judgment for costs was entered in favor of defendant against the plaintiffs. From the judgment, plaintiffs appeal.

E. P. FIELD and SAFFORD & GRAHAM, for appellants.

BROWN & SOULE, for appellee.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 278*—*when judgment for costs on overruling a demurrer is not final.* A judgment against plaintiffs for costs, where the court overruled plaintiffs' demurrer to a plea and the plaintiffs elected to stand by their demurrer, *held* not a final judgment where it did not adjudge that "plaintiffs take nothing by their suit and that defendants go hence without day."

---

## George H. Molner, Appellee, v. Anna Molner, Appellant.

### Gen. No. 5,859.   (Not to be reported in full.)

Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Bill by George H. Molner against Anna Molner for a divorce charging adultery. An answer denying the charge was filed and also a replication, and the case was heard by the court without a jury. From a decree finding the defendant guilty of adultery, defendant appeals.

Q. J. CHOTT, for appellant.

EDWARD R. NADELHOFFER, for appellee.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

### Abstract of the Decision.

1. DIVORCE, § 45*—*sufficiency of the evidence to prove cause of divorce.* Section 8 of the divorce statute, J. & A. ¶ 4223, requiring that the cause of divorce be fully proven by reliable witnesses, does not apply when a trial is had and issues joined by bill, answer and replication. In such case the ordinary chancery rules apply and the weight of the testimony is the thing to be considered even though that question may be decided in favor of a party having but one witness.

2. DIVORCE, § 46*—*proof sufficient to sustain charge of adultery.* Decree of divorce finding wife guilty of adultery, *held* sustained by the testimony of the paramour, where the wife denies what the paramour says and is discredited in her testimony by the fact that she denies other circumstances tending to incriminate her that are sworn to by other witnesses in corroboration of the paramour, and there is also testimony of other witnesses of her acts tending to show an adulterous disposition.

3. APPEAL AND ERROR, § 1713*—*when errors not argued are deemed waived.* Where numerous errors are assigned on the record but no reference is made in the argument to any of the errors assigned, except that the decree is not warranted by the evidence, all other errors will be deemed waived.

DIBELL, J., took no part in this decision.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.